# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM JAZZ MEEKINS, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DOC'S GRATERFORD, *et al.*, | : | NO. 18-851 |
|     Defendants. | : | |

## MEMORANDUM

**STENGEL, C.J.**                                                                                                                   **APRIL 9, 2018**

      Plaintiff William Jazz Meekins, a prisoner incarcerated at SCI-Graterford, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 based on the destruction of his television. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Meekins leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTS AND PROCEDURAL HISTORY[1]

    The Complaint appears to name the following Defendants in the caption: (1) "DOC's Graterford"; (2) "John and Jane Doe Defendants"; (3) J. Hawk, identified as a unit manager; (4) Superintendent C. Link; (5) Secretary of Corrections J. Wetzel; (6) C/O Carter; and (7) C/O Clark.[2] Mr. Meekins alleges that, between June or July of 2017 through September of 2017, "the facility been shooting surges through the h/b side of theyre [sic] facility." (ECF 1-1 at 5.) He

---

[1] The following facts are taken from the Complaint. The Court has also reviewed Mr. Meekins's other substantive submissions. (ECF Nos. 6 & 10.) Mr. Meekins's handwriting is at times difficult to read, so the Court has done its best to understand his allegations.

[2] However, in a document attached to the Complaint, Mr. Meekins indicates that the Defendants should be: (1) Unit Manager J. Hawk; (2) Superintendent Cynthia Link; (3) 2-10 4.B. C/O Carter; (4) "DOC's John E. Wetzel and his administrative assistant"; and (5) Keri Moore.

contends that one of those surges knocked out the power and ruined his television set. Mr. Meekins indicates that he has suffered "[i]ntentional, loss and deprivation(s) for months of this a'said property." (*Id.*)

The Complaint indicates that Mr. Meekins included C/O Clark as a Defendant because Mr. Clark:

> Is only ripe in this litigation, to respond to the security designee's of his employee, to security preservations, invertingly admitting that, security percautions [sic] had be taken in involvement, with random occurring facility surges.

(*Id.* at 6.) Mr. Meekins asks for summary judgment, a settlement hearing, and monetary damages. He also asks to be permitted to use the electronic case filing system. Mr. Meekins attached exhibits and handwritten documents to his Complaint, many of which do not add to the allegations that form the basis for his claims. Having reviewed the entirety of Mr. Meekins's filing, it appears he is claiming that the Defendants knew of the loss of his property and/or failed to remedy the situation by denying his grievances. Mr. Meekins also submitted an "affidavit" and a "statement" to the Court, which appear to request summary judgment on his claims. (*See* ECF Nos. 6 & 10.)

## II. STANDARD OF REVIEW

The Court grants Mr. Meekins leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[3] However, as Mr. Meekins is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Mr. Meekins is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *See Daniels v. Wiliams*, 474 U.S. 327, 328 (1986). Accordingly, Mr. Meekins cannot sustain a constitutional claim based on allegations that prison officials acted negligently in causing the surge that ruined his television. To the extent prison officials intentionally deprived Mr. Meekins of his property, there is no basis for a due process claim because the prison grievance system and Pennsylvania law provide Mr. Meekins with adequate state remedies.[4] *See Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (per curiam) ("[D]eprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy."). Furthermore, "prison inmates do not have a constitutionally protected right to a grievance

---

[4] There is no independent basis for the Court's jurisdiction over a state law claim, as it does not appear that the parties are diverse for purposes of 28 U.S.C. § 1332. If Mr. Meekins seeks to pursue a claim under state law, he may do so in state court.

process," so Mr. Meekins cannot state any constitutional claims based on the denial or treatment of his grievances. *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Meekins's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As Mr. Meekins cannot cure the defects in his Complaint, he will not be given leave to amend. An appropriate order follows, which shall be docketed separately.